## Case No. 13,474.

### In re STOKES.

[1 Ben. 341.] [1]

District Court, S. D. New York. Aug., 1867.

ARMY—ENLISTMENT OF MINOR—EVIDENCE.

On a habeas corpus to inquire into the enlistment of an alleged minor, who had sworn, on his enlistment, that he was twenty-one years of age and upwards, evidence may be given as to whether he understood what he was swearing to.

[Cited in Seavey v. Seymour, Case No. 12,596; Re Davison, 4 Fed. 509.]

[In the matter of James Stokes, Jr., on habeas corpus.]

BLATCHFORD, District Judge. This case is substantially the same as that of In re Cline, just decided by me [Case No. 2,896]. Stokes is a private soldier, who enlisted in the army of the United States, at New York, July 23, 1867. His enlistment papers are, in substance, of the same character as those of Cline. His age is stated in them as being twenty-one years and four months, and he swears, in his oath of enlistment, "that he is over twenty-one years old." On the hearing, on the return to the writ, it was alleged that Stokes had, in fact, on his enlistment, stated his age to be only eighteen years, and had not understood that he was swearing he was twenty-one years old, and that the oath which he signed and swore to was not read or explained to him. I allowed evidence to be given on that point, and am entirely satisfied that the proceedings in enlisting him were carefully conducted, and that he stated that he was twenty-one years and four months old, and was willing to swear to it, and that he understood fully that he was required to swear to his age, and knew that he was swearing that he was over twenty-one years of age. For the reasons stated in the Case of Cline, the oath taken by Stokes on his enlistment, as to his age, is conclusive on that point. As his enlistment was, in all respects, regular, he must be remanded to service.

## Case No. 13,475.

### In re STOKES.

[1 N. B. R. 489 (Quarto, 130): 1 Am. Law T. Rep. Bankr. 122.] [2]

District Court, S. D. New York. April 17, 1868.

BANKRUPTCY—MOTION TO SET ASIDE ASSIGNEE—BY WHOM HEARD—NOTICE.

A motion on the part of the bankrupt to set aside the appointment of assignee can only be entertained by the district judge upon notice, and not by the register.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reprinted from 1 N. B. R. 489 (Quarto, 130), by permission. 1 Am. Law T. Rep. Bankr. 122, contains only a partial report.]

[In the matter of Edward S. Stokes, a bankrupt.]

I, Edgar Ketchum, one of the registers in said court of bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Mr. John Winslow who appeared for the bankrupt, and Mr. G. A. Seixas who appeared for Jenk Budlong, and Jenk Budlong & Co., creditors of the said bankrupt. These creditors attended on the 13th of March, the day fixed in the warrant for the first meeting of creditors, and duly proved, and filed proofs of their claims, and chose James Davis assignee, who was then appointed by the judge. The attorney for the bankrupt afterwards, and on the 19th of March, attended, supposing that to be the day for the first meeting of creditors, and then obtained the register's order for the creditors to show cause why the appointment of assignee should not be set aside, and the bankrupt be allowed to prove that he was not indebted to those creditors. The creditors showed cause and insisted that only the judge upon notice could entertain this motion, and upon hearing in open court, or after a reference to take the testimony, this application not being unopposed, and so not being chamber business, such as the register, under the rules and orders, might hear and direct. I was of opinion that the objection on the part of the creditors was well taken, and the counsel for the bankrupt then asked to have the question certified to the court, and written points on both sides were afterwards filed, which I transmit with this paper.

BLATCHFORD, District Judge. The register is correct in his views. The clerk will certify this decision to the register, Edgar Ketchum, Esq.

## Case No. 13,476.

### In re STOKES.

[2 N. B. R. 212 (Quarto, 76).] [1]

District Court, S. D. New York. 1868.

BANKRUPTCY—DISCHARGE—DEBT CONTRACTED BY FRAUD.

Objection to discharge based upon the fact that the debt was contracted by fraud, is not good, for such debt will not be affected by the discharge.

In bankruptcy.

BLATCHFORD, District Judge. This case will stand for hearing on the specifications filed by the creditors, for whom Mr. Seixas appears. Either party may take further testimony before the register. The specifications filed by Richard Bell are insufficient.

[1] [Reprinted by permission.]